

FILED

08/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0342

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0342

KIM NORQUAY, JR.,

Petitioner,

v.

TWELFTH JUDICIAL DISTRICT COURT, HILL
COUNTY, HONORABLE YVONNE LAIRD,
Presiding,

Respondent.

FILED

AUG 17 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioner Kim Norquay, Jr., via counsel, seeks a writ of supervisory control over the Montana Twelfth Judicial District Court, Hill County, in Cause No. DV-21-2012-0000093. Norquay asserts that the District Court has not ruled upon his pending petition for postconviction relief for which the evidentiary hearing concluded on February 6, 2020. Norquay further asserts that he notified the District Court that this matter was submitted for decision by filing a Notice of Issue and Request for Ruling on three occasions—November 23, 2020, March 24, 2021, and May 24, 2021—but no ruling was forthcoming. Pursuant to our request, both the State of Montana and Hon. Yvonne Laird, presiding Judge, have responded to Norquay's petition.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c).

Norquay argues that supervisory control is appropriate in this case because, so long as the District Court fails to rule on this matter, he has no remedy of appeal. Norquay asserts that his case has "come to a complete standstill" without ruling and that he remains incarcerated while awaiting the court's ruling, thus creating the urgent need for resolution. Norquay alleges that the delay in resolution amounts to a denial of due process and thus a mistake of law causing a gross injustice.

In response, the District Court acknowledges that the hearing in Norquay's postconviction relief matter concluded in early February 2020 and agrees with Norquay "that in an ideal situation the District Court's order in the post-conviction relief action would have been completed and filed." The court advises that circumstances beyond its control have delayed its ruling—including workload, staff shortages, complications from the COVID-19 pandemic, and the fact that the record in this case comprises extensive and voluminous filings and a multi-day hearing. The court further asserts that the court has been giving this matter the careful deliberation it deserves and that it does not wish "to issue an order for the sole purpose of concluding the matter." The District Court maintains that Norquay has not set forth the existence of any specific urgency or emergency factors and has not established that the matter involves purely legal questions. The court notes that the evidence presented to it requires the court to make factual determinations prior to ruling on Norquay's legal arguments.

The State also argues that Norquay's petition fails to meet the criteria for supervisory control because Norquay does not meet any of the additional criteria of M. R. App. P. 14(3)(a)-(c). The State argues that there is no statutory time limit placed on district courts to issue a ruling on a postconviction relief petition and therefore no mistake of law has occurred. The State further notes, as did the District Court, that Norquay's petition for postconviction relief includes an extraordinary number of claims, complex factual allegations, and a voluminous record and it is thus not surprising that the court would require additional time to issue its ruling.

2

Having considered the circumstances underlying this Petition, we have determined that supervisory control is unnecessary at this juncture. The District Court's response demonstrates that it is aware of the need to render a decision, and it provides a reasonable explanation why it has not yet ruled on this matter. In this instance, both institutional factors and the complexity of the case presented have contributed to the delay. As the State asserts in its response, "this case involves a 55-page postconviction petition containing ten claims, many of which include a large number of subclaims and complex factual allegations." We further note that the District Court Register of Action that Norquay attached as an exhibit to his Petition is seven pages long and lists 177 filings. We appreciate the District Court's commitment to carefully considering the matter and not issuing a less deliberate order to dispose of the matter.

We therefore decline to assume supervisory control as the District Court indicates it will issue its decision in due course.

IT IS ORDERED that Petitioner's Petition for a Writ of Supervisory Control is DENIED and DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Twelfth Judicial District Court Cause No. DV-21-2012-0000093, and to the Honorable Yvonne Laird, presiding District Judge.

DATED this 17 day of August, 2021.

_____
Chief Justice

_____

_____

_____

3

_____
                    Justices